IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal No. 3: 05-cr-00525 |
| v. ) | |
| ) | SENTENCING MEMORANDUM |
| LEBARON HARRIS, ) | AND REQUEST FOR UPWARD |
| ) | DEPARTURE |
| Defendant. ) | |

The United States of America, in the Southern District of Iowa, by and through the United States Attorney for the Southern District of Iowa and his Assistant United States Attorney Clifford R. Cronk III presents this sentencing memorandum in support of a sentence at the top of the guidelines range or above that range. As grounds for this motion the United States avers the following:

1. The defendant plead guilty to two bank robberies in Johnson County.

2. In the second robbery, the defendant passed a threatening note to the young female teller that read "Give me all your money. Hurry up or Die!" or words to that effect. Recently, the defendant, through counsel, has denied that the letter was threatening.

3. Since the defendant plead guilty, while being incarcerated, the defendant has engaged in additional violent and antisocial behavior as evidenced by reports and a digital recording provided by the Muscatine County Jail.

4. The defendant has an extensive criminal record for violence, including robberies, and assaults on police officers and women. Several (six) of his criminal

history points, though valid, do not count because of their number. *See* Presentence Report ¶ 50. The defendant has demonstrated that he is not amenable to rehabilitation.

## Authorities

In sentencing a defendant, the district court must begin by calculating the advisory Guidelines range. *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005). A departure under Chapter 5, Part K is part of the determination of the advisory Guidelines range. *United States v. Sitting Bear*, 436 F.3d 929, 934-35 (8th Cir. 2006). Under U.S.S.G. § 4A1.3(a), the district court may depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." When considering whether to depart upward under § 4A1.3, the district court is not limited to those enumerated examples listed under § 4A1.3(a)(2)(A-E). *United States v. Sweet*, 985 F.2d 443, 446 (8th Cir. 1993) (noting the district court's consideration of information upon which to base a departure includes but is not limited to those enumerated factors). Instead, the court is free to consider, among other information, the substantial likelihood a defendant will commit future crimes or his capacity for future violence. *Id.* at 445; *United States v. Cook,* 972 F.2d 218, 222 (8th Cir.1992).

Sentences varying from the guidelines range are reasonable so long as the district court offers appropriate justification under the 18 U.S.C. § 3553(a) factors

that is proportional to the extent of the departure. *See United States v. Claiborne,* 439 F.3d 479, 481 (8th Cir.2006); *United States v. Lyon*, 450 F.3d 834 (8th Cir. 2006)("a series of escalating criminal acts" justified upward departure); *United States v. Shannon,* 414 F.3d 921 (8th Cir. 2005)(upward departure warranted where defendant accumulated 31 criminal history points, while only 13 points are necessary for placement in category VI, and the district court identified other aggravating factors); *United States v. Washington,* 109 F.3d 459, 462 (8th Cir.1997) (upward departure justified where defendant committed one offense right after another during 15 years of criminal activity); *United States v. Lang,* 898 F.2d 1378, 1380 (8th Cir.1990) (upward departure warranted where defendant was treated with leniency by the state courts during his lengthy criminal career).

Here, the defendant is denying part of his offense conduct, that is, he denies that the letter he passed to the bank teller was threatening. This suggests a lack of acceptance of responsibility. Since his guilty plea, the defendant has continued to engage in violent and assaultive behavior further evidencing a lack of remorse and contrition. There is a substantial likelihood that the defendant will commit future crimes and has a high capacity for future violence.

WHEREFORE, the United States respectfully requests that this court sentence the defendant at the very top of the guideline range or depart upward from that range.

        Respectfully Submitted,

        Matthew G. Whitaker
        United States Attorney


By:  /s/ Clifford R. Cronk III
      Clifford R. Cronk III
      Assistant United States Attorney
      United States Court House
      131 East 4th Street, Suite 310
      Davenport, IA  52801
      Tel: (563) 884-7700
      Fax: (563) 884-7701
      Email: Cliff.Cronk@usdoj.gov


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all counsel of record and *pro se* parties by electronic service by filing this document with the Clerk of Court using the ECF system on March 22, 2007, which will send notification to the following:

Donovan Robertson


      /s/ Clifford R. Cronk III
      United States Attorney's Office
      Southern District of Iowa